: In the Matter of Acquiring Title by the CITY OF NEW YORK to Certain Lands, etc., on Academy Street and First Avenue, etc., in the Borough of Queens, City of New York, Duly Selected as a Site for School Purposes, etc., According to Law.— Motion to confirm referee's report denied, without prejudice to a renewal thereof. Present — Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ.

In the Matter of the Application of ANDREW FROOKS for an Order Directing CHARLES J. F. DECKER, County Clerk of Westchester County, to Omit the Names of THOMAS A. KENNEY and EDWARD McMANUS for the Office of Candidate for Member of the State Committee in the Third Assembly District, Westchester County, and to Restrain Said County Clerk from Printing Said Names upon the Official Ballot as Candidates for Said Office.— Application for stay denied; temporary stay vacated. Present — Lazansky, P. J., Young, Kapper, Hagarty and Seeger, JJ.

LAURA MUTI, as Administratrix, etc., of BARTOLOMEO REVERA, Deceased, Respondent, v. FRANK J. HOEY and SALVATORE SABBATINO, Copartners, etc., Appellants.— Pursuant to stipulation, the motion for leave to appeal to the Court of Appeals is withdrawn. Present — Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ.

ANGLO AMERICAN ADVERTISING Co., INC., Respondent, v. MAXMILLEN HOLDING CORPORATION, Appellant.— Judgment reversed upon the law and the facts, with costs, complaint dismissed and judgment directed for defendant as prayed for in its answer, with costs. In this action plaintiff recovered a judgment impressing a lien upon real property for the down payment under a contract to purchase. Defendant sought reformation of a stipulation for the adjournment of the closing which provides that " time is made of the essence," and also specific performance of the agreement. It clearly appears from the evidence, and the trial court has found, that the provision inserted in the stipulation adjourning the time for closing the contract was made for the benefit of defendant and, as found by the court, " to assure the defendant that the plaintiff would ask for no further adjournment, it was agreed that the stipulation of adjournment should so provide." Under the circumstances appellant was entitled to a reasonable adjournment to make its report and pay its 1925 franchise tax, which franchise tax lien was the only objection to title. Findings of fact numbered 3 and 6, in so far as the court found that time was of the essence of the contract as against defendant; finding numbered 8, in so far as it found that the premises were incumbered by a judgment lien; and finding numbered 12, in so far as the court found that there was due to respondent by appellant the sum of $3,385, are reversed, and new findings will be made. Rich, Kapper, Hagarty and Carswell, JJ., concur; Lazansky, P. J., dissents. Settle order on notice.